[No. 4891.]

## BLISS v. HARRIS.

**1. Corporations—Conveyances—Statutory Construction.**

The statute of this state which authorizes a corporation to transfer property through its president, or other head officer, does not prohibit any other mode of transfer, nor was it so intended; and it is entirely competent for a corporation to transfer its property through such agency as it may designate.—P. 75.

**2. Corporations—Secretary Custodian of Seal—Evidence—Presumption.**

The law makes the secretary of a corporation the custodian of its seal, and when his name is signed to an instrument and a corporate seal is attached, it must be presumed that such seal is the company's seal and that the secretary sealed the instrument with the authority of the company; and this presumption is not overcome by the mere fact that no vote of directors, or other body exercising the corporate authority, is shown.—P. 75.

3.  **Corporations—Conveyances made by Secretary—Validity.**

The secretary of a corporation executed a note and a real estate mortgage securing it for money borrowed by the corporation, the mortgage bearing the name of the corporation, its seal, and the name of the secretary, and the acknowledgment that he signed, sealed, and delivered the said instrument as his free and voluntary act, and as the free and voluntary act of the said corporation, for the uses and purposes therein set forth.  Held, that the acknowledgment by the secretary is prima facie proof that the note and mortgage were signed by the proper officers and the seal attached to the mortgage is the corporate seal of the company, in accordance with the law making the secretary of a corporation the custodian of its seal and with Mills' Ann. Stats., § 443, providing that an instrument relating to or affecting the title to real property, acknowledged before a proper officer, shall be prima facie evidence of its proper execution.—P. 75.

*Appeal from the District Court of Fremont County.*
*Hon. M. S. Bailey, Judge.*

Action by Herbert Harris against The Cripple Creek Beam Milling Company, John Stovekin, Gates Iron Works, The Florence Milling and Reduction Company, S. E. Bliss, William O. McFarlane, and The Gibson Lumber Company.  From a judgment for plaintiff, defendant S. E. Bliss appeals.

*Affirmed.*

Messrs. MAUPIN, McLAIN & WILKES and Mr. JOHN S. STEVENS, for appellant.

Mr. CHAS. E. GAST, for appellee.

Mr. JUSTICE STEELE delivered the opinion of the court:

To a suit brought for the purpose of foreclosing a mortgage, several persons other than the corporation alleged to have executed the mortgage were made parties defendant.  One of the defendants, S. E. Bliss, who had purchased the property involved at execution sale, answered and contested the suit.

From a judgment and decree ordering the sale of the property to satisfy the note secured by mortgage, the defendant Bliss has appealed. He assigns as a reason for reversing the judgment the action of the court in admitting the note and mortgage in evidence over his objection. The Cripple Creek Beam Milling Company, the owner of certain land in Fremont county, executed, it is alleged, a note for five thousand dollars payable to Harris, and to secure the payment of the note, a mortgage upon its land. The instrument was recorded in the recorder's office of Fremont county, and at the trial a certified copy of the mortgage was admitted in evidence. The mortgage concludes and is signed in this manner:

"Dated this seventh day of August, A. D. 1899. (Stamp $2.00.)                              (Seal.)

THE CRIPPLE CREEK BEAM MILLING COMPANY,

(Corporate Seal)      FRANK S. WEIGLEY,      (Seal.)
                                        Secretary."

The instrument was duly acknowledged by Weigley; the notary certifying that, "Frank S. Weigley, personally known to me to be the same person whose name is subscribed to the foregoing instrument, and known to me to be the secretary of The Cripple Creek Beam Milling Company, appeared before me this day in person and acknowledged that he signed, sealed and delivered the said instrument as his free and voluntary act, and as the free and voluntary act of the said corporation, for the uses and purposes therein set forth."

The plaintiff testified that he loaned the company five thousand dollars; that he was present at the office of the company in Chicago; that there the secretary handed him the note and mortgage, having first submitted to him a resolution of the board of directors

authorizing the execution of the mortgage. The secretary of the company testified that he executed the mortgage for and on behalf of the company, after consultation with the directors, and that the company received the money. He testified that he thought there was no resolution of the board of directors authorizing the mortgage.

The objection made at the trial, and here, is that the note and mortgage are not signed by the proper officers and that there is no proof that the secretary had authority to execute the note and mortgage on behalf of the company. We are of opinion that the acknowledgment by the secretary is *prima facie* proof that the note and mortgage were signed by the proper officers, and that the seal attached to the mortgage is the corporate seal of the company. The statute of this state which authorizes a corporation to transfer property through its president, or other head officer, does not prohibit any other mode of transfer, nor was it so intended. It is entirely competent for a corporation to transfer its property through such agency as it may designate. The law makes the secretary the custodian of the company's seal, and when his name is signed to an instrument, a corporate seal attached must be presumed to be the company's seal, and it must be presumed that the secretary sealed the instrument with the authority of the company:—*Union Gold Mining Co. v. Bank,* 2 Colo. 227.

This presumption of authority is not overcome by the mere fact that no vote of the directors, or other body exercising the corporate authority, is shown.—*Idem.*

The seal itself is *prima facie* evidence that it was affixed by the lawful authority of the corporation.—*Idem.*

In the case *Owers v. Olathe Mining Co.,* 6 Colo. App. 1, the court quotes with approval the following

from the case of *Lovet v. Steam Saw Mill Assn.*, 6 Paige (N. Y.) 60: "The seal of a corporation aggregate affixed to the deed is of itself *prima facie* evidence that it was so affixed by the authority of the corporation; especially if it is proved to have been put to the deed by an officer who was entrusted by the corporation with the custody of such seal. * * * And it lies with the party objecting to the due execution of the deed to show that the corporate seal was affixed to it surreptitiously or improperly, and that all the preliminary steps to authorize the officer having the legal custody of the seal to affix it to the deed had not been complied with."

Moreover, section 443, Mills' Ann. Stats., provides that "Any deed or instrument relating to or affecting the title to real property, acknowledged * * * before a proper officer, shall be *prima facie* evidence of the proper execution thereof."

The defendant offered no proof; and as the court did not err in receiving the note and mortgage in evidence, the judgment should be, and it is, affirmed.

*Affirmed.*

Chief Justice Gabbert and Mr. Justice Campbell concur.