[No. 8530.]

## WINGETT V. WILLIAMS ET AL.

1. MAXIMS—*One shall not have advantage of his own wrong.* A creditor of a corporation who unlawfully detains the corporate seal, and so prevents the completion and filing of the report required by the statute, cannot maintain an action against the directors for his demand by reason of their failure to file the report. (395.)

2. CORPORATIONS—*Seal-Custody.* Non-payment of the salary of the secretary of a corporation, at his retirement, does not justify or excuse his retention of the corporate seal. (395.)

*Error to Denver District Court.* Hon. JAMES H. TELLER, Judge.

Mr. FRANCIS J. KNAUSS, for plaintiff in error.

Mr. W. E. RICHARDS, for Edward O. Williams.

Mr. H. O. ANDREW, for Andrew, Brougher and Marshall.

Plaintiff in error instituted an action to recover from defendants the amount of his salary as secretary of The Western Ore Reduction & Machinery Company, for the

period beginning March 1912, and ending February 3, 1913, which he alleged was the sum of twelve hundred dollars. He based his right of action upon the ground that during the year 1913 the defendants were the sole directors of the company; that the company failed within sixty days next after January first, 1913, to file in the office of the Secretary of State, the annual report required by chapter 102, Session Laws, 1911, and that such report was not filed at any time thereafter prior to the commencement of his action. The answer admitted that the report had not been filed, and that defendants were directors of the company as alleged.

From the testimony it appears that plaintiff was secretary of the company during the period stated in his complaint; that his salary was fixed at twenty-five dollars per week; that on February 3, 1913, he was succeeded by Charles L. Andrews; that he had possession of the corporate seal of the company, but refused to deliver it until his salary was paid. He testified that he offered to permit the directors to use it, but on the part of the defendants this was denied. February 27, 1913, the annual report was prepared and delivered to Andrews the next day. According to the testimony for defendants plaintiff had promised to deliver him the seal that day, but did not; that Andrews remained at his office until about eleven P. M. in order to complete the report by affixing the corporate seal, his intention being to file the report in the office of the Secretary of State that evening—having been informed that the office of the latter would remain open until midnight of that day to receive corporation reports.

The trial judge held that plaintiff retained the seal without right; that it would have been affixed to the report, and the report in all probability filed within time, except for the fact that plaintiff retained the seal; that there was no reason why the corporation should file a defective report; that the retention of the seal by plaintiff was the direct cause

of the report not being filed, and that plaintiff could not take advantage of the result of his own act. Judgment was rendered for defendants and plaintiff brings the case here on error.

The act requiring every corporation to file an annual report with the Secretary of State within sixty days next after the first day of January in each year, commencing with the year 1912, prescribes what such report shall contain, among which are the following: The names of its directors and officers and their places of residence; the amount of its capital stock and the proportion thereof actually paid in, stating how the same was paid, whether in cash or by the purchase of property; the amount of its indebtedness at the date of filing the report and such other information as will show the condition of its real and personal property, as well as its financial condition. The law requires that such report shall be signed by the president, and verified by his oath, and the secretary of the corporation, under its corporate seal. It further provides that if any such corporation neglects to file the required annual report within the time prescribed, that the officers and directors of such corporation shall be jointly, severally and individually liable for all of its debts contracted during the year next preceding the time when the report should have been filed, and until such report is filed; and as a further penalty, the president and secretary of the delinquent corporation shall be subject to a fine of not less than one thousand dollars.

Chief Justice GABBERT delivered the opinion of the court on rehearing.

The question presented is whether from the testimony and the facts thereby established as determined by the trial court, the plaintiff can take advantage of the penalty which the law imposes upon officers of a corporation for failure to file an annual report within the time prescribed

by the statute. The plaintiff retained the corporate seal without right. With the exception of the seal the report was prepared in time to have been filed within the period the statute prescribes. In order to comply with the terms of the statute it was necessary that the corporate seal be affixed to the report. The defendants were prevented from affixing the seal by the wrongful act of the plaintiff. From the testimony the trial judge found that the retention of the seal by plaintiff was the direct cause of the report not being filed. Plaintiff seeks to hold the defendants responsible for his salary due from the corporation of which the defendants were directors when the report should have been filed, because it was not filed. The law does not permit a person to profit by his own wrong, and he that prevents a thing being done cannot avail himself of the nonperformance he has occasioned.

Counsel for plaintiff urge, on the authority of *Dart v. Hughes,* 49 Colo. 465, 109 Pac. 952, that it was not necessary to affix the seal to the report, and hence the fact that plaintiff retained possession of the seal did not excuse defendants from filing the report without the seal affixed. The statute requires the corporate seal to be affixed to the annual report. It was the wrongful act of the plaintiff which prevented the defendants from fully complying with the statute in this respect, and he cannot hold them responsible for not filing an incomplete report, when by his wrongful act they were prevented from completing and filing a report in accordance with the terms of the statute.

The former opinion is withdrawn, this opinion filed in lieu thereof and rehearing denied. The judgment of the District Court as heretofore directed is affirmed.

*Judgment affirmed.*

Mr. Justice WHITE and Mr. Justice BAILEY concur.

Decided May 1, A. D. 1916. Rehearing denied June 5, A. D. 1916.