No. 11,572.

UNITED STATES MINING CORPORATION *v.* GOBLE.

Decided June 13, 1927.

Action on account. Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Deficient Record.* An assignment of error that there is no proof to sustain a court finding will be overruled where a deposition read in evidence was not incorporated in the record nor transmitted to the reviewing court.

2. FRAUD—*Statute of.* A promise to a debtor to pay his debt in consideration of the conveyance of property to the promisor is not within the statute of frauds.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. CHARLES A. MURRAY, Messrs. GARWOOD & GARWOOD, for plaintiff in error.

Mr. FRANK L. Ross, for defendant in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

DEFENDANT in error was plaintiff below and had judgment against the United States Mining Corporation in an action which it claimed was upon an account stated. We assume that to be the case.

The account was mostly for goods sold to defendant, and upon that part of it no question is raised. A small part of it, however, was for goods sold the Gold Mining Company, another and older corporation, payment for which goods it is claimed the defendant assumed. The defendant, however, says that there is no proof of the authority of Condit, its president, to assume such a debt; that the promise was to pay the debt of another and so within the statute of frauds; and that no consideration therefor is shown.

It appears from the record that the deposition of one Garrett was read in evidence, and that deposition is not in the record nor is it transmitted to this court. We cannot, therefore, say that the court was wrong in holding that Condit had sufficient authority, and that there was consideration for the promise he made for the defendant.

As to the statute of frauds: If in consideration of the conveyance by the Gold Mining Company of a large amount of its property to the defendant, the defendant, as plaintiff claims, promised *that company* that it would pay its debts, there was a consideration and such promise was not within the statute of frauds (*Burson v. Bogart,* 49 Colo. 410, 113 Pac. 516; *Enos v. Anderson,* 40

Colo. 395, 93 Pac. 475, 15 L. R. A. [N. S.] 1087), and, since the deposition of Garrett is not here, we cannot say that the evidence does not show that such was the case.

The judgment is affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.