## L. J. CHRISTOPHER CO. OF DELAWARE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5236.

Court of Appeals of District of Columbia.

Argued Nov. 9, 1931.

Decided Dec. 14, 1931.

See, also, 60 App. D. C. 365, 55 F.(2d) 527.

George E. H. Goodner, of Washington, D. C., for appellant.

G. A. Youngquist, Asst. Atty. Gen., and J. Louis Monarch, John G. Remey, C. M. Charest, E. Riley Campbell, and Sewall Key, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

VAN ORSDEL, Associate Justice.

This case is before the court on petition for review of the decision of the United States Board of Tax Appeals. 13 B. T. A. 729.

In 1887, one L. J. Christopher entered the wholesale and retail ice cream, candy, and confectionery business at Los Angeles, Cal., with a capital of about $50,000. The business was successful and steadily increased in value. In 1912 he registered his name as a trade-mark. Prior to 1914 he had acquired certain real estate and had built thereon an extensive plant. The sales grew in volume, and by 1914 he was selling ice cream in many of the surrounding towns and cities, his annual sales being approximately 200,000 gallons. In 1914 he organized the L. J. Christopher Company, a California corporation, with a capital stock of $400,300, and transferred to it all of the assets of his business, including the good will, in consideration of receipt of all its capital stock except a few qualifying shares.

On June 1, 1914, the California company set up on its books a statement of the assets and liabilities acquired from L. J. Christopher. It entered its capital stock of $400,300 among the liabilities and then made a balancing entry "Good will—$17,028.82" among the assets. It continued in the business until 1921.

In February, 1921, the L. J. Christopher Company of Delaware (appellant) was organized under the laws of Delaware and immediately acquired for $125,000 cash and $125,000 par of stock the business of the California company, including all personal property, and good will, but excepting real estate and cash owned by the vendor.

Appellant filed a timely income tax return for the period from February 16 to December 31, 1921. In auditing the return, the Commissioner of Internal Revenue determined the net income for the period to be $124,073.53 and the invested capital to be $279,745.85. The invested capital was determined on the basis of the par value of the stock issued and retired during the year, prorated for the time effective. The commissioner thus arrived at a deficiency in the tax of $20,210.94, and so notified the appellant by letter mailed April 24, 1926.

At the trial of the case the Commissioner of Internal Revenue offered in evidence a waiver in order to prove that his deficiency letter was timely. The waiver was signed on behalf of appellant corporation by S. C. Hookstratten, its secretary, and stamped upon it appeared the date of February 19, 1926. The waiver was not signed by the Commissioner of Internal Revenue, but the name of D. H. Blair, Commissioner, had been written thereon by some one else, who placed his initials "L. G." thereunder. S. C. Hookstratten had no express authority as secretary to sign the waiver.

Petitioner objected to the introduction of the waiver in evidence for the reason that it was signed only by the secretary and not by the president of the corporation; that the secretary was not authorized to sign it; and that it was not signed by the Commissioner of Internal Revenue. The objection was overruled by the board and the waiver was admitted as Respondent's Exhibit "D," and an exception to the ruling noted.

In its decision the board held that there was no abnormality in income or invested capital; that it was not impossible to determine appellant's invested capital; that there was no evidence to the effect that appellant acquired for stock a mixed aggregate of tangible and intangible assets, the respective values of which could not be determined; and that appellant was not entitled to the benefit of section 328 of the Revenue Act of 1921 (42 Stat. 275). It also held that assessment of the deficiency was not barred at the time the deficiency letter was mailed.

The case presents two questions for the consideration of this court: 1. Whether or not the deficiency here asserted is barred by the statute of limitations; 2. whether, in the absence of fraud or other irregularity, a Circuit Court of Appeals may review a decision of the Board of Tax Appeals sustaining a determination by the Commissioner of Internal Revenue that the appellant was not entitled to have its profits taxes determined especially under sections 327, 328 of the Revenue Act of 1921. In other words, was appellant entitled to have its profits tax computed under the provisions of sections 327 and 328 of the Revenue Act of 1921, and if so whether or not appellant has waived the right to have that question reviewed on appeal.

■ Considering first the question whether or not the deficiency here asserted is barred by the statute of limitations, it must be remembered that the waiver in this case was executed by the secretary of the corporation before the bar of the statute had run. It is therefore a case in which the consent of the parties is all that is necessary to bar the running of the statute, and inasmuch as the tax return was made by the secretary of the corporation and the corporation, without objection, is here relying upon that return, we think it is not in position to question the authority of the secretary to consent to a waiver. In the case of Hammond v. Carthage Sulphite Pulp & Paper Co. (D. C.) 34 F.(2d) 155, 156, involving the authority

of the secretary-treasurer of the corporation to execute a waiver before the expiration of the five-year limitation, as set forth in section 250 (d) of the Revenue Act of 1921 (42 Stat. 264, 265), the court said: "The secretary-treasurer, being the officer who originally signed the income tax returns and the officer whom the corporation held out to the government as the person entitled to represent it in such matters, by signing the waiver for 1918 before the claim for additional taxes was barred by section 250 (d) of the Revenue Act of 1921, acted within the apparent scope of his authority, and the government had a right to rely and act upon such waiver."

■ Nor is the contention that the waiver was not signed personally by the commissioner controlling. The signing of a waiver is a mere ministerial act and may be done by the commissioner personally, or his name may be subscribed by another under his direction, as was evidently done in this case. It was held in United Thacker Coal Co. v. Commissioner (C. C. A.) 46 F.(2d) 231, 233: "The Commissioner is presumed to discharge his official duties in a proper and legal manner; and, in this case, if it was essential that the Commissioner should have directed the placing of the signature upon each waiver, this is presumed to have been done in the absence of evidence to the contrary, for public officials are presumed to act correctly and in accordance with the law." To the same effect are: Trustees for The Ohio & Big Sandy Coal Co. v. Commissioner (C. C. A.) 43 F.(2d) 782; Pantages Theater Co. v. Lucas (C. C. A.) 42 F.(2d) 810; Greylock Mills v. Commissioner (C. C. A.) 31 F.(2d) 655; Burnet v. Railway Equipment Co., 282 U. S. 295, 51 S. Ct. 137, 75 L. Ed. 349.

■ Coming to the second proposition involved in this appeal, namely, the contention of appellant that it should have its profits tax computed under the provisions of sections 327 and 328 of the Revenue Act of 1921, supra, it appears that, when the matter came before the Board of Tax Appeals, the Commissioner of Internal Revenue filed with the board a motion to limit the hearing to the issue defined in subdivisions (a) and (b) of rule 62 of the board, which are as follows: "(a) If some of the issues raised by the petition involve section 327 or section 328 of the Revenue Act of 1918, or of 1921 (or section 210 of the revenue act of 1917, as the case may be), and some do not involve such sections, the

hearing may, in the discretion of the board, on motion, be limited in the first instance to trial of the issues which do not involve such sections. (b) After decision on such other issues, or if no such other issues are raised by the pleadings, a hearing may, in the discretion of the board, on motion, be had, limited to the trial of the issue whether the petitioner is entitled to have its tax determined as provided in section 328 (or section 210, as the case may be)."

It is clear, we think, from the record, that appellant acquired a mixed aggregate of tangible and intangible assets for stock and cash, which was sufficient to bring it within the purview of sections 327 and 328. The board, in sustaining the commissioner's motion, foreclosed appellant's right to submit proof as provided therein. In other words, appellant was denied an opportunity to prove its right. The board in its opinion disposes of the case as follows: "While the bill of sale recites that the good will of the California Company was a part of the assets sold to the Delaware Company, there is no evidence in the record which in any way shows the value of such good will, if indeed it had any value. * * * The value of the good will acquired by Delaware Company could easily have been proven if such value indeed existed. * * *" The board further held that there was no evidence in the record to the effect that appellant's invested capital could not be determined, and that there was no evidence of the values of the mixed aggregate of tangible and intangible property acquired for stock and cash, and that therefore there was no proof of abnormal conditions.

It is conceded by counsel for the government that the action of the board was due to an oversight and cannot well be defended, but he plants himself upon the rule that a litigant must seek to correct errors in the trial court before invoking the revisory power of an appellate court. This, we think, overlooks the provisions of the rule which provide that issues which do not involve sections 327 and 328, supra, may be first disposed of by the board on motion, the procedure adopted in this case, but it further provides that if issues are involved as provided for in section 328, hearing shall be had and proof accepted by the board. This was not done in the present case. While appellant may have been lax in not urging this point after the decision of the board, we think that he is entitled to his day in court, of which he has been deprived.

The decision of the commissioner is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

See, also, 60 App. D. C. 365, 55 F. (2d) 527.