**PHILIP CAREY MFG. CO. v. DEAN.**

No. 5842.

Circuit Court of Appeals, Sixth Circuit.

May 13, 1932.

Luther Day and E. J. Brunenkant, both of Cleveland, Ohio (Edward J. Brunenkant, of Cleveland, Ohio, on the brief), for appellant.

Frank Hier, of Cincinnati, Ohio, and I. Graff, of Washington, D. C. (Haveth E. Mau, of Cincinnati, Ohio, and C. M. Charest, Ottamar Hamele, and Isadore Graff, all of Washington, D. C., and Frank Hier, of Cincinnati, Ohio, on the brief), for appellee.

Before HICKS and HICKENLOOPER, Circuit Judges, and TUTTLE, District Judge.

HICKS, Circuit Judge. '

This suit was brought by appellant to recover income and profits taxes for the year 1918 assessed against and paid by it. Appellant claimed that the assessment and collection were barred by the statute of limitations. The case was heard by the judge without a jury. At the close of the evidence each party moved for judgment. Appellant's motion was denied, and that of appellee was granted. Appellant excepted and filed its bill of exceptions. There were no requests for special findings of fact or conclusions of law and the findings were general. Nothing was preserved for review except the question of law, whether the evidence indisputably required a judgment for appellant.

There was on file in the Bureau of Internal Revenue a waiver extending the period for the assessment and collection of 1918 taxes until December 29, 1924. On October 17, 1924, the Commissioner wrote appellant that an examination had disclosed an additional tax against it for 1918 in the sum of $158,-270.02. Appellant protested and requested a conference which was held at Washington on December 8, 1924, between representatives of the Bureau and Mr. Crabbs, president and director of appellant; Mr. Ignatius, its comptroller; Mr. Cassatt, its general counsel; and Mr. Allen, also of counsel. The president and comptroller of appellant had charge of its tax matters. At the conference there was an agreement, subject to confirmation by the Commissioner, who was not present, that the taxes should be reduced to $151,475.25. It was expected that when the matter was finally passed upon the 'Commissioner would, if given a reasonable time for its consideration, confirm the conference agreement; but all parties knew that if the Commissioner should be compelled to act before December 29, the expiration date of the existing waiver, the assessment would very probably be at the larger figure and that collection would be made immediately. With the matter thus pending some one (evidently by oral request for the files of neither party disclose any correspondence upon the subject) procured

or received an official form of waiver from the Bureau and either delivered or transmitted it to Mr. Buse, secretary of appellant, who on December 20, 1924, six days before the expiration of the existing waiver, executed it by signing it as follows: "The Philip Carey Manufacturing Company, Taxpayer, by E. L. Buse, Secretary," and by affixing the seal of appellant thereto. It was then transmitted to the Bureau, signed by the Commissioner and filed on December 23, 1924.

On January 24, 1925, the Bureau completed its final audit and transmitted a statement thereof to appellant. This statement fixed the tax liability at the sum of $151,475.25, the exact amount agreed upon at the conference, and called appellant's attention to the fact that a waiver expiring December 20, 1925, was on file. The tax was assessed in April, 1925, and was paid without protest on May 19, 1925.

■ Matters stood thus until April, 1929, when appellant filed a "Claim for Refund" upon the ground that the waiver executed December 20, 1924, was invalid and void for lack of authority in the secretary to execute it. The claim was that the powers of the secretary were limited to those set forth in article IV, § 3 of the "Regulations" of appellant.[1] The refund was denied, suit was instituted, and the burden was upon appellant. Stern Bros. & Co. v. Burnet, 51 F.(2d) 1042, 1046 (C. C. A. 8).

We think the District Judge was right.

■ Appellant cannot be heard to say that its president and comptroller were unauthorized to execute the waiver. They were in charge of the whole tax matter. Independent Ice & Cold Storage Co. v. Com'r, 50 F.(2d) 31, 33 (C. C. A. 5). The waiver involved no more than giving the consent of the taxpayer in writing to the extension of the limitation period. These officers were represented by counsel who were with them at the conference and no doubt advised them (if we can assume that they needed such advice) of the pressing necessity of such consent. The urgent necessity of the matter creates an inference that it was not overlooked. See Greer v. U. S., 245 U. S. 559, 561, 38 S. Ct. 209, 62 L. Ed. 469. Having authority to act, they had the authority to direct the secretary to act for them [see Trustees for O. & B. S. Coal Co. v. Com'r, 43 F.(2d) 782, 784 (C. C. A. 4); L. J. Christopher Co. v. Com'r, 60 App. D. C. 370, 55 F.(2d) 530, 531], and there is room for the inference that they did. The statute did not require them to sign the waiver personally. It required the taxpayer to sign it (section 250(d) of the Revenue Act of 1921, 42 Stat. 227; section 278(c) of the Revenue Act of 1924, 43 Stat. 253 (26 USCA § 1060), and it is not unreasonable to conclude that the secretary signed for the taxpayer at their instance or that of some authorized agent. We think this was clearly within the scope of the general duties of a secretary (Bouv. Law Dic., vol. 2 [12th Ed.] p. 507) as recognized in the "Regulations" of appellant, the relevant portions of which we have italicized.

■ We do not think that this inference in appellee's favor is destroyed by any countervailing evidence. The testimony of appellant's president and comptroller that they did not know of the execution of the waiver until about four years afterward is not conclusive. The Bureau letter of January 24, 1925, giving express notice of the waiver on file, had been in appellant's files since that date and the taxes were paid upon the approval of counsel without any protest that their assessment and collection were barred for lack of a proper waiver. The testimony of Buse, aside from the fact that he identifies his signature upon the waiver of December 20, 1924, is of little value. He has wholly forgotten the transaction. The record indicates that the president and comptroller have likewise forgotten many of its details. The testimony of appellant's remaining witnesses was almost wholly negative in character. The testimony of appellant's tax counsel who participated in the Washington conference and who afterward approved the payment of the tax was not introduced nor its absence accounted for. The seal upon the waiver of December 20, 1924, is prima facie evidence that it was placed there by the secretary with the authority of appellant. Maryland Finance Corp. v. Duvall, 284 F. 764, 770 (C. C. A. 5); Bliss v. Harris, 38 Colo. 72, 87 P. 1076.

We think there is ample basis for the judgment. We cannot assume that the secretary, after twenty-three years of experience in that capacity, either voluntarily or thoughtlessly executed an unauthorized instrument.

■ Finally, we think that appellant should not be permitted to repudiate this waiver. It

---

[1] "Sec. 3. Secretary—It shall be the duty of the Secretary to keep an accurate record of the proceedings of the stockholders and directors, give all notices required, keep proper books of accounts and books for transfer of stock issue, attest all certificates of stock and in general, to *perform all the duties which usually pertain to said office,* or required of him by the Board of Directors."

knew that the government had relied upon it and it had received a substantial reduction in its tax by the reaudit and had itself acquiesced by payment of the tax without protest and had allowed substantially four years to elapse without complaint. See Com'r v. N. Y. Trust Co., 54 F.(2d) 463, 465 (C. C. A. 2); U. S. v. Kemp, 12 F.(2d) 7, 8 (C. C. A. 5); Stern Bros. & Co. v. Burnet, supra; Liberty Baking Co. v. Heiner, 34 F.(2d) 513, 517 (D. C.), affirmed (C. C. A.) 37 F.(2d) 703.

We do not deem it necessary to pass specifically upon whether a resolution of the board of directors of appellant on March 23, 1925,[2] was a ratification of the waiver.

Affirmed.

---

[2] "Resolved that the acts of the officers in the general conduct of the business in the past be, and the same are, hereby approved and ratified and adopted by unanimous vote."