**WAUSAU SULPHATE FIBRE CO. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 4716.

Circuit Court of Appeals, Seventh Circuit.

Nov. 30, 1932.

Robert A. Littleton and W. W. Spalding, both of Washington, D. C. (Mason, Spalding & McAtee, of Washington, D. C., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Carlton Fox, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and E. L. Updike, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

The one question here involved is whether the statute of limitations (Revenue Acts 1918 and 1921, § 250 (d), 40 Stat. 1083, 42 Stat. 265) bars the asserted tax, and this depends on whether a series of waivers, which upon their face admittedly would toll the statute, are shown by the record to have been sufficiently identified to warrant their admissibility in evidence. The Board of Tax Appeals admitted them, and the alleged erroneous admission is the basis of the appeal.

On the hearing before the Board, respondent offered the original waivers in evidence in connection with the offer of depositions of taxpayer's officers taken at taxpayer's instance some months before, at Wausau, Wis. Counsel for taxpayer objected to their reception by the Board on the ground that there was no evidence that they were signed as they purported to be, nor of their having been filed with or taken from the Bureau of Internal Revenue; and that no witness iden-

tified them as a part of his testimony. It appears that thereupon the special counsel in charge of the case before the Board was sworn, and he testified that these waivers were from, and were taken from, the files of the Bureau of Internal Revenue relating to this case, and that they were the same files which were offered in evidence on the taking of the depositions, and were stamped by the notary before whom they were taken, who duly returned them with the depositions. This sufficiently identified the waivers as having been part of and taken from the files of the Bureau of Internal Revenue.

If it be deemed that further proof of the genuineness of the waivers was necessary, the record afforded such proof. In the files of the case there were several original papers of the taxpayer, including the petition itself, whereon the signature of the taxpayer's president appears. These files were of course before the Board, which then had opportunity for comparison of the signature thereon with those on the waivers purporting to be by the same president. When the Board found, as it did, that the taxpayer made the waivers, it had before it the evidence which was afforded by these signatures. Such comparisons with the signature on documents admittedly in the files may properly be made by the trier of the facts. 37 Stat. 683, 28 USCA § 638; Citizens' Bank & Trust Co. of Middlesboro, Ky., v. Allen (C. C. A.) 43 F.(2d) 549; Smythe v. New Providence Tp., Union County, N. J. (C. C. A.) 263 F. 481.

Besides, the waivers, as well as the papers referred to, bear taxpayer's corporate seal, which afforded prima facie evidence of the genuineness of the papers to which it was attached. Philip Carey Mfg. Co. v. Dean (C. C. A.) 58 F.(2d) 737.

Where the paper is regular in form and is in possession of the proper government bureau, it is presumptively genuine and therefore admissible in evidence. Stern Brothers & Co. v. Burnet (C. C. A.) 51 F. (2d) 1042, 1046; Concrete Engineering Co. v. Commissioner (C. C. A.) 58 F.(2d) 566, 568.

Furthermore, the waivers were offered in evidence on the taking of the depositions, without any protest or objection by taxpayer's counsel, who was then present and participating. It was testified in the depositions that the person whose name appeared as taxpayer's president upon the waivers and on the other papers was then in fact its pres-

ident. The waivers were identified and attached by the notary, and upon their return presumably remained in the files of the Board for the several months before the hearing, during all of which time no action was taken to suppress the waivers as evidence, nor to question their genuineness nor the fact of their due and timely filing with the Bureau of Internal Revenue, whose receiving stamp appears thereon.

The objection goes only to the formality of proof of their genuineness and filing, and has no bearing on the sufficiency of the waivers themselves. In such circumstances the challenge of these matters should have been presented at the time the depositions were taken, or, in any event, within reasonable time before the hearing of the case. York Company v. Central Railroad, 3 Wall. 107, 18 L. Ed. 170; Howard v. Stillwell & Bierce Mfg. Co., 139 U. S. 199, 11 S. Ct. 500, 35 L. Ed. 147; Columbia-Knickerbocker Trust Co. v. Abbot (C. C. A. 1) 247 F. 833.

The order of the Board of Tax Appeals is affirmed.