1601 SOUTH MICHIGAN PARTNERS, Plaintiff-Appellant, v. DeMILL MEA-SURON, Defendant-Appellee.

First District (3rd Division)   No. 1—92—2342

Opinion filed March 29, 1995.

William B. Kohn, of Chicago, for appellant.

Gordon & Gordon, Ltd., of Chicago (Robert E. Gordon and Lisa Thaviu, of counsel), for appellee.

JUSTICE RIZZI delivered the opinion of the court:

This action was brought by plaintiff, 1601 South Michigan Partners, to collect rent allegedly owed by defendant, DeMill Measuron. The trial court awarded defendant a directed finding, ruling that plaintiff had not proved the existence of a lease under which defendant was liable. Plaintiff now appeals. We reverse and remand.

The issues before this court for review are (1) whether the trial court erred in refusing to admit the lease into evidence; (2) whether the court erred in refusing to compare a disputed handwriting sample with defendant's admitted signature; and (3) whether the trial court erred in refusing to allow plaintiff's counsel to question defendant regarding prior inconsistent statements.

On August 27, 1991, plaintiff filed a complaint alleging that defendant breached an industrial loft lease for office space located at 1601 South Michigan Avenue in Chicago, Illinois, as well as a written personal guarantee. Plaintiff's complaint sought $13,684.50 in damages under the lease, plus costs, attorney fees and prejudgment interest. Plaintiff did not file suit against the alleged co-lessee/co-guarantor, Patricia Rogers. Defendant answered, neither admitting nor denying that he had entered into a lease with plaintiff.

At trial, Robert Frankel, one of plaintiff's general partners, testified that he signed the original lease, conveyed it to defendant and Rogers, and received the original lease back from either defendant or Rogers signed with signatures purporting to be those of defendant and Rogers. Frankel did not witness defendant or Rogers sign the lease. Frankel further testified that he visited defendant and Rogers at 1601 South Michigan Avenue and that they had occupied and used the premises, but that neither defendant nor Rogers paid rent between December 15, 1990, and April 15, 1991, as required by the lease.

Defendant testified under adverse examination by plaintiff that he had drafted and made payable check number 127 to plaintiff for the rent. The check was marked as plaintiff's exhibit B and entered into evidence without objection.

Plaintiff then moved to admit the lease into evidence as a disputed sample of defendant's signature; however, the trial court refused to admit the lease on the basis that the "genuineness" of defendant's signature had not been established. The trial court stated that it did not have the expertise to ascertain the genuineness of the signatures on the lease and that expert testimony was needed to authenticate defendant's signature thereon since defendant denied having signed the lease. Plaintiff then moved for a retrial. Plaintiff's motion was denied.

Plaintiff next attempted to confront defendant with alleged prior inconsistent statements from his deposition. The trial court, upon defendant's objection, held that the deposition testimony could not be used because plaintiff had not properly articulated his questions to defendant by specifically asking defendant, "[w]ere you asked" and "[d]id you answer," prior to asking defendant whether he was asked

certain questions during the deposition and whether he gave certain answers to said questions. Defendant then moved for and was granted a directed finding.

■ The trial court erred in directing a finding in favor of defendant because it did not consider and weigh evidence which should have been admitted at trial. (See *Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 154, 407 N.E.2d 43, 44 (trial court must weigh the evidence before ruling on a motion for a directed finding).) Initially, we find that the trial court erred when it refused to admit the lease into evidence. Each party is entitled to present evidence which is relevant and material to its theory of the case. (*Haffa v. Haffa* (1969), 115 Ill. App. 2d 467, 474, 253 N.E.2d 507, 511; see also *Glabman v. Bouhall* (1980), 81 Ill. App. 3d 966, 969, 401 N.E.2d 990, 993 (a contract which is unsigned by the party to be charged may be admissible if it is material to the theories of the case, even if said contract eventually proves to be unenforceable).) The test for relevancy is whether the evidence offered tends to prove an issue in dispute. (*Haffa*, 115 Ill. App. 2d at 474, 253 N.E.2d at 511.) Evidence tending to show conduct inconsistent with an opponent's theory is admissible. (*Haffa*, 115 Ill. App. 2d at 474, 253 N.E.2d at 511.) In the present case, defendant advanced the theory that he did not sign the lease in question. Evidence offered by plaintiff tending to show that defendant did sign the lease was therefore relevant and material.

Defendant contends that the lease was not authenticated and therefore not admissible. We disagree. The defendant occupied the premises, and Frankel testified that he signed the lease. Under the circumstances, we conclude that the document was properly authenticated and relevant and should have been admitted into evidence.

■ In addition, we find that the trial court erred in refusing to make a comparison of the disputed handwriting sample with defendant's admitted signature. Section 8—1501 of the Code of Civil Procedure provides as follows:

> "In all courts of this State it shall be lawful to prove handwriting by comparison made by the witnesses or the jury with writings properly in the files of records of the case, admitted in evidence or treated as genuine or admitted to be genuine, by the party against whom the evidence is offered, or proved to be genuine to the satisfaction of the court." Ill. Rev. Stat. 1991, ch. 110, par. 8—1501.

Although section 8—1501 refers to "the witnesses or the jury," this court has previously held that it is proper for a jury or a judge to form an opinion as to the genuineness of handwriting based upon a

comparison of proven and disputed handwriting samples. (*Yelm v. Masters* (1967), 81 Ill. App. 2d 186, 197, 225 N.E.2d 152, 157.) Furthermore, the courts of this State have consistently upheld a litigant's right to prove handwriting by comparison prior to the enactment of section 8—1501. (See *Wausau Sulfate Fibre Co. v. Commissioner of Internal Revenue* (7th Cir. 1932), 61 F.2d 879, 880; *Stitzel v. Miller* (1911), 250 Ill. 72, 77, 95 N.E. 53, 55.) Thus, it was proper for plaintiff to attempt to prove the authenticity of defendant's signature on the lease without expert testimony, by requesting that the trial court, as trier of fact, compare the signatures on the lease to the admittedly genuine signature of defendant on his check.

In light of our finding above, we will not reach the issue of whether the trial court erred in refusing to allow plaintiff's counsel to question defendant regarding prior inconsistent statements.

Accordingly, we reverse the directed finding for defendant and remand for a new trial.

Reversed and remanded.

GREIMAN, P.J., and TULLY, J., concur.