**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James G. BLACKWOOD,**
**Defendant–Appellant.**

No. 88–5175.

United States Court of Appeals,
Ninth Circuit.

Submitted June 27, 1989.*

Decided July 5, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

H. Dean Steward, Directing Atty., Federal Public Defender, Santa Ana, Cal., for defendant-appellant.

Dwight B. Moore, Asst. U.S. Atty., Santa Ana, Cal., for plaintiff-appellee.

Before NELSON and BOOCHEVER, Circuit Judges, and BROWNING, District Judge.**

PER CURIAM:

James Blackwood (Blackwood) appeals his conviction on four counts of making false claims against the United States, in violation of 18 U.S.C. section 287. We have jurisdiction pursuant to 28 U.S.C. section 1294(1), and we affirm.

Blackwood was charged with submitting false income tax returns in the names of four different people, in order to cash the refunds. Blackwood contends that he never filed these false returns, rather his housekeeper submitted them. Blackwood did not dispute that the returns were false. The only issue at trial was whether he prepared and submitted the false returns.

The government introduced evidence of Blackwood's prior conviction in 1986 for a similar offense to show plan and intent. The government also produced an expert who testified that the handwriting on the returns and the W-2 forms matched an exemplar of Blackwood's handwriting. IRS locator numbers had been placed at the top right-hand corner of each return indicating that each had been filed with the IRS according to normal procedures. Last, Blackwood's name and address were listed as the return address to receive the refunds.

** Honorable William D. Browning, United States District Judge for the District of Arizona, sitting by designation.

On appeal, Blackwood contends that the district court erred by admitting these tax returns and W–2 forms because the government failed properly to authenticate the forms as required under FRE 901(a). We review a district court's decision regarding the sufficiency of authentication for an abuse of discretion. *See e.g., United States v. Whitworth,* 856 F.2d 1268, 1283 (9th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1541, 103 L.Ed.2d 846 (1989). Blackwood argues that the government failed to: 1) show a sufficient connection between him and the returns; and 2) prove that the returns themselves were authentic and filed with the IRS. Both arguments are without merit.

The district court did not abuse its discretion. FRE 901(a) requires that the government make only a prima facie showing of authenticity " 'so that a reasonable juror could find in favor of authenticity or identification.' " *United States v. Black,* 767 F.2d 1334, 1342 (9th Cir.), *cert. denied,* 474 U.S. 1022, 106 S.Ct. 574, 88 L.Ed.2d 557 (1985) (quoting 5 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 901(a)[01], at 901–16 to –17 (1983)). Once the government meets this burden "the ... probative force of the evidence offered is, ultimately, an issue for the jury." *Id.*

The government met its burden of showing a connection between Blackwood and the false returns. An expert testified that the handwriting on the forms matched an exemplar of Blackwood's handwriting. This is a method of authentication specifically mentioned in Rule 901(b)(3). This testimony in conjunction with the fact that Blackwood's name and address were listed as the place to send the refund checks, was sufficient to meet the government's burden of a prima facie showing. Since the government met its burden, it was for the jury to decide whether Blackwood prepared and filed the falsified returns. *See, e.g., id.*

Likewise, there was sufficient evidence that the returns were authentic. Tax returns are public records since "they are authorized by law to be ... filed" with the IRS. *See* Rule 901(b)(7); *see also Desimone v. United States,* 227 F.2d 864, 867–68 (9th Cir.1955) (employer's quarterly tax returns filed with federal government are "official records" of the federal government). An IRS agent testified that the forms were in the custody of the IRS. This testimony, in addition to testimony that it is the custom of the processing centers to affix locator numbers on the filed returns, was sufficient to meet the government's burden of making a prima facie showing that the proffered returns were authentic and filed with the IRS. *See Wausau Sulphate Fibre Co. v. Commissioner,* 61 F.2d 879, 880 (7th Cir.1932) (special counsel's testimony that waivers allegedly signed by taxpayers were taken from IRS files was sufficient to authenticate the waivers).

Blackwood's reliance on this court's decision in *United States v. Perlmuter,* 693 F.2d 1290 (9th Cir.1982), and *Iran v. INS,* 656 F.2d 469 (9th Cir.1981), is misplaced. In *Iran,* the government introduced no extrinsic evidence of authentication in the mistaken belief that authentication was not required in a deportation proceeding. *Id.* at 472. In *Perlmuter,* an INS official attempted to authenticate a document from Interpol listing various foreign convictions in Israel. This court stated that this extrinsic evidence was insufficient to sustain a finding of authenticity under 901(a). *Id.* at 1293. In this case, however, the IRS agent had personal knowledge about the recording and filing procedures used by the IRS in processing returns. This was sufficient to establish the returns as authentic and filed with the IRS.

The judgment is *AFFIRMED.*