980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary FERNANDEZ, Defendant-Appellant.
 No. 91-10172.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 13, 1992.
 
 1
 Before GOODWIN, FARRIS and PREGERSON Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Gary Fernandez appeals his jury conviction and sentence for wire fraud (18 U.S.C. § 1343), mail fraud (18 U.S.C. § 1341), receipt of stolen property (18 U.S.C. § 2315), interstate transportation of stolen property (18 U.S.C. § 2314), and making false statements to a federal agent (18 U.S.C. § 1001). Fernandez contends that the district court erred in: (1) excluding arguably exculpatory, newly-discovered evidence; (2) excusing a prosecution witness before the witness was confronted with his allegedly prior inconsistent statement; (3) admitting various government exhibits as business records or summaries; and (4) denying his request for an evidentiary hearing to determine amount of loss for sentencing purposes. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.
 
 I. EXCLUSION OF NEWLY-DISCOVERED EVIDENCE
 
 4
 The charges against Fernandez stemmed from a scheme to counterfeit plastic cases containing rare coins and to counterfeit the grading certifications sealed, along with each coin, into each phony case. During the course of the trial, a prosecution witness alerted authorities that she had discovered a set of rare-coin cases. Fernandez contends that these cases were excluded erroneously by the trial court. He argues that they constitute exculpatory evidence indicating that the cases that were manufactured at his direction were never circulated.
 
 
 5
 The requirement of authentication or identification is "satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed.R.Evid. 901(a); United States v. Harrington, 923 F.2d 1371, 1373 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 164 (1991). "This circuit requires strict compliance with the authenticity rules." United States v. Perlmuter, 693 F.2d 1290, 1292 (9th Cir.1982).
 
 
 6
 Fernandez's offer of proof failed to connect the "new" cases to Fernandez or to Creative Sales, the company that manufactured cases for Fernandez. No one identified when or where the cases had been made or whether they had ever been in the possession of either Fernandez or Creative Sales. Fernandez did not make the required prima facie showing of authenticity. See United States v. Blackwood, 878 F.2d 1200, 1202 (9th Cir.1989).
 
 
 7
 The plastic cases were also excludable under Fed.R.Evid. 403, which gives a court discretion to exclude relevant evidence when its probative value is substantially outweighed by considerations such as the danger of jury confusion and waste of time. The mere existence of these cases, without evidence linking them to Fernandez or identifying when or where they were manufactured, could only confuse the jury.
 
 
 8
 Fernandez argues that fundamental standards of relevancy require the admission of testimony tending to prove that a person other than the defendant committed the crime charged. However, the "new" coin cases are not testimony and do not tend to prove that someone other than Fernandez was responsible for the production and sale of the phony cases.
 
 II. PRIOR INCONSISTENT STATEMENT
 
 9
 Fernandez's attorney sought to introduce, through the testimony of a private investigator, a prior inconsistent statement allegedly made by prosecution witness Fred Innamico. Innamico had not been confronted with the statement as required by Fed.R.Evid. 613(b). The trial court ruled the testimony inadmissible, denying Fernandez's request to delay the trial until Innamico, who had been allowed to travel to Poland to be married, could be confronted with the alleged statement.
 
 
 10
 Fernandez argues that his rights to compulsory process and confrontation were violated when the court excused Innamico. Fernandez's trial attorney knew of Innamico's travel plans prior to trial. He also knew of the alleged inconsistent statement at the time Innamico testified at trial, and he confronted Innamico on cross-examination with other prior statements. Fernandez's attorney claimed that he did not confront Innamico with the prior statement during his cross-examination because he was unsure whether the private investigator, Brian Olivia, would be available to testify. No explanation was given as to why Olivia--a paid defense investigator--might not have been available.
 
 
 11
 Fernandez argues that a court may not refuse a reasonable request for a continuance for the purpose of obtaining a defense witness where the witness's testimony would be relevant and material to the defense. Although Fernandez tried to procure Innamico through subpoena, he failed to exercise the necessary diligence in producing Olivia before Innamico was excused. See Dickerson v. Alabama, 667 F.2d 1364, 1370 (11th Cir.), cert. denied, 459 U.S. 878 (1982); Cf. United States v. Sterling, 742 F.2d 521, 529 (9th Cir.1984), cert. denied, 471 U.S. 1099 (1985) (no abuse of discretion in denying request for continuance where defendant failed to proffer adequate basis for failure to obtain witness in timely manner).
 
 
 12
 Fernandez had an opportunity to confront Innamico. He failed to question him regarding the alleged inconsistent statement. There was no Confrontation Clause or compulsory process violation.
 
 III. GOVERNMENT EXHIBITS
 A. Exhibit 9-25
 
 13
 Exhibit 9-25 was admitted under Fed.R.Evid. 803(6), the business records exception to the hearsay rule. Under Rule 803(6), a memorandum or record is admissible if it is:
 
 
 14
 (1) made by a regularly conducted business activity, (2) kept in the "regular course" of that business, (3) "the regular practice of that business to make the memorandum," (4) and made by a person with knowledge or from information transmitted by a person with knowledge.
 
 
 15
 Paddack v. Dave Christensen, Inc., 745 F.2d 1254, 1258 (9th Cir.1984).
 
 
 16
 In Paddack, we held that audit reports prepared by a third party for the proponent company were inadmissible where the company had no regular audit procedure, but authorized audits only in response to suspected irregularities. 745 F.2d at 1258-59. Fernandez argues that the records in Exhibit 9-25 were prepared solely in response to the "irregularity" of the fraud scheme and in anticipation of civil litigation. The document was prepared by the Professional Coin Grading Service, the company whose coin cases had been counterfeited, so as to facilitate the provision of refunds to its defrauded customers. PCGS guaranteed the grades of the coins in its holders. It made a business decision to honor the guarantee, and in accordance with its usual practice of keeping detailed records, it created the document that was admitted as Exhibit 9-25. The exhibit was properly admitted.
 
 B. Exhibits 56-1 and 57-1
 
 17
 Fed.R.Evid. 1006 provides: "[t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." Rule 1006 exhibits are admissible if the underlying materials are admissible and available to the opposing party for inspection. United States v. Catabran, 836 F.2d 453, 458 (9th Cir.1988); Paddack, 745 F.2d at 1259.
 
 
 18
 Much of the information in exhibits 56-1 and 57-1 can be ascertained directly from the 419 coins admitted into evidence. The remainder summarized either PCGS business records or the results of admissible expert review of the coins. The "underlying materials" were admissible. The coins were available for Fernandez's inspection, and the witnesses who testified to the information in the exhibits were subject to cross-examination. See United States v. King, 616 F.2d 1034, 1041 (9th Cir.), cert. denied, 446 U.S. 969 (1980). The presentation of testimony covering the information provided in exhibits 56-1 and 57-1 would not have been convenient and was not required.
 
 C. Exhibits 68 and 69
 
 19
 These exhibits are admissible for the same reason that 56-1 and 57-1 are admissible: they summarize admissible information. In addition, Fernandez's failure to object to exhibit 69 specifically as a summary or business record, bars him now from so objecting. See United States v. Holland, 880 F.2d 1091, 1094-95 (9th Cir.1989); Fed.R.Evid. 103(a)(1).
 
 IV. AMOUNT OF LOSS
 
 20
 Fernandez's offense level was enhanced pursuant to U.S.S.G. § 2F1.1(b)(1), which provides for an increase based on the amount of loss suffered by the victims of the fraud. Fernandez challenges the measure of loss used by the district court. He also argues that the court abused its discretion by denying his request for an evidentiary hearing on the issue of loss.
 
 A. Measure of Loss
 
 21
 Fernandez contends that a net loss calculation should have been used to determine the amount of loss for purposes of § 2F1.1. Application Note 7(a) supports this contention. However, a net loss calculation was used by the district court.
 
 
 22
 The Presentence Report estimated the amount of loss at $1,321,154.00. The PSR noted that coins of some value (though of less value than their counterfeit cases indicated) were received by Professional Coin Grading Service. In response to Fernandez's objections to the PSR, the government submitted the declaration of Stephen Mayer, President of PCGS. This declaration demonstrates that the $1.3M figure accounted for the value received by PCGS.
 
 B. Evidentiary Hearing
 
 23
 A defendant alleging a factual inaccuracy in the presentence report must show that information in the report is false or unreliable. United States v. Edwards, 800 F.2d 878, 880 (9th Cir.1986). A sentencing court may rely on disputed information in a PSR where there is "some minimal indicium of reliability beyond mere allegation." See United States v. Monaco, 852 F.2d 1143, 1149 (9th Cir.1988), cert. denied, 488 U.S. 1040 (1989).
 
 
 24
 Fernandez failed to introduce or proffer any evidence indicating that the loss figure in the PSR was inaccurate. Mayer's declaration, which substantially echoed the PSR on the issue of loss, was infused with sufficient "indicia of reliability." Mayer testified and was fully cross-examined at trial. The sentencing court had a full opportunity to assess his credibility. The court had before it evidence concerning Mayer's qualifications and his valuation procedure.
 
 
 25
 It is not an abuse of discretion for a sentencing court to impose sentence without an evidentiary hearing if the court permits allegations in the PSR to be rebutted "by allowing defendant and his counsel to comment on the report or to submit affidavits or other documents." United States v. Baker, 894 F.2d 1083, 1085 (9th Cir.1990). The probation office specifically requested that Fernandez provide evidence of his claim that loss was relatively minimal. He failed to do so. The sentencing court received Fernandez's written objections to the presentence report. It also heard defense counsel's arguments at the sentencing hearing, including his offer of proof, which consisted of mere speculation. Fernandez was not entitled to a hearing.
 
 
 26
 Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure does not alter our conclusion. Rule 32 merely provides that a sentencing court may, in the discretion of the court, allow the defendant to introduce evidence relating to alleged factual inaccuracies in a PSR. The court provided Fernandez such an opportunity when it considered his offer of proof.
 
 
 27
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3