983 F.2d 1080
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Darnell SPRINGS, Defendant-Appellant.
 No. 92-30000.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 11, 1992.*
Decided Jan. 8, 1993.
 
 Before WALLACE, Chief Judge, and SKOPIL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carl Darnell Springs appeals from his conviction, after a jury trial, of one count of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Springs argues the district court erred: (1) in admitting a tape recording of the crack cocaine transaction; (2) in failing to adjust Springs' base offense level downward based upon his acceptance of responsibility; (3) in finding it had no authority to depart downward based upon sentencing manipulation by the government; and (4) in failing to rule that due process concerns precluded application of mandatory sentencing and guideline provisions.
 
 1. The Tape Recording
 
 3
 Springs argues the district court erred in admitting the tape recording made of a conversation between Springs and a DEA informant, Scott Tredwell. Springs argues the government did not meet its burden of establishing the authenticity of the tape. He further contends the tape should have been excluded because its inaudible portions were so substantial as to render the whole recording unreliable.
 
 
 4
 We review the district court's decision to admit tape recordings, including the sufficiency of the authentication, for an abuse of discretion. United States v. Blackwood, 878 F.2d 1200, 1202 (9th Cir.1989) (per curiam). Only a prima facie showing of authenticity is required "so that a reasonable juror could find in favor of authenticity or identification." Id. (quotations omitted). We have held that " '[t]he foundation which must be laid for the introduction of recordings of conversations.... is a matter largely within the good discretion, judicially exercised, of the trial judge.' " United States v. Mouton, 617 F.2d 1379, 1383 (9th Cir.) (quoting Brandow v. United States, 268 F.2d 559, 567 (9th Cir.1959)), cert. denied, 449 U.S. 860 (1980). "Even if part of the tape is inaudible or missing, it is admissible if the trial judge believes that it has probative value." United States v. Hurd, 642 F.2d 1179, 1183 (9th Cir.1981).
 
 
 5
 The district court listened to the tape in chambers after hearing objections to its admission. Reporter's Transcript (RT) at 5-6. The court was satisfied that the tape had probative value after Tredwell testified he had listened to the tape and that it was an accurate recording of his conversation with Springs. See RT at 182. For purposes of authentication, Federal Rule of Evidence 901(b)(1) requires no more than "[t]estimony that a matter is what it is claimed to be." Tredwell's testimony meets this requirement. The district court did not abuse its discretion.[1]
 
 
 6
 Springs also argues the tape should not have been admitted because Tredwell lacked credibility. However, Springs did not object to the admission of the tape on this basis. The district court does not abuse its discretion when an issue is not presented to it. Springs' failure to object on that basis at the district court level precludes him from raising it on appeal. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1187, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992).
 
 
 7
 2. The Downward Adjustment of the Base Offense Level
 
 
 8
 Springs argues he demonstrated acceptance of responsibility for his criminal behavior and that therefore, the court erred in failing to adjust his base offense level downward by two levels. Springs argues that at the sentencing hearing, the district court gave no indication why it was denying Springs an adjustment for the acceptance of responsibility.
 
 
 9
 A two-point reduction for acceptance of responsibility is available under section 3E1.1 of the Sentencing Guidelines. We review a district court's denial of the reduction for acceptance of responsibility for clear error. United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992) (per curiam). The district court's determination is entitled to great deference on appeal because of the court's unique position to evaluate the acceptance of responsibility. United States v. Hill, 953 F.2d 452, 461 (9th Cir.1991).
 
 
 10
 At the sentencing hearing, Springs stated to the court: "It was just a freak accident that it happened." Sentencing Transcript at 20. Cf. id. (defendant admits in open court that his conduct was criminal). At trial, Springs maintained the government induced him to commit the crime. We have stated: "[t]he pursuit by a defendant of a trial strategy of denying culpability may lower his chances of obtaining the reduction under section 3E1.1 but these consequences do not constitute an infringement of the fifth amendment privilege against self-incrimination." United States v. Gonzalez, 897 F.2d 1018, 1021 (9th Cir.1990). With the record before the district court, there is no clear error in the decision not to allow the reduction for acceptance of responsibility. We decline to remand for further findings where the district court had an undisputed record upon making its determination. Cf. United States v. Carlisle, 907 F.2d 94, 96 (9th Cir.1990) (per curiam) (remanded where the court did not decide a dispute in the record on the acceptance of responsibility).
 
 
 11
 3. Downward Departure for Sentencing Manipulation
 
 
 12
 Springs argues the district court erred in finding that it did not have the power to depart downward based upon alleged sentencing manipulation by law enforcement agents. Springs argues the court found it did not have the power to depart downward based on the following underlined statement, which we provide in context:
 
 
 13
 I cannot make a finding of acceptance of responsibility in the case, Ms. Koller. I am sorry, but I just cannot. I am doing as much for you as I feel I can. That gives us a range of 97 to 121, and I am going to sentence the defendant to the bottom of the guideline range of 97 months with a period of supervised release of five years....
 
 
 14
 Sentencing Transcript, No. CR91-67C, District Court Docket Number 78, at 24 (emphasis added).
 
 
 15
 We may not review a district court's discretionary decision not to depart downward from the guidelines. United States v. Cook, 938 F.2d 149, 152 (9th Cir.1991) (citing United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990)). If a court believes it has no discretion, however, we may review for an error of law. Id.
 
 
 16
 Given the record and the context in which the court made its statement, we conclude that the district court believed it had discretion to depart downwards. The remark "I am doing as much for you as I feel I can," is the language of discretion. It contrasts with the unequivocal statements other courts have made when they decided they had no authority to depart downward. Cf. United States v. Johnson, 956 F.2d 894, 901 (9th Cir.) ("The court concludes that there are no grounds for a downward departure under the law."), supplemented on denial of rehearing, 969 F.2d 849 (1992); Cook, 938 F.2d at 151 ("The court has no alternative [to depart downward] if it's faced with a mandatory sentence ... [a]nd if you think I can [depart downward], you take this case to the Ninth Circuit and you get it reversed and you bring it back and I will depart.").
 
 
 17
 We have not yet determined whether sentencing manipulation provides a valid basis for downward departure. However, at the sentencing hearing, the court expressed at length its concern about the government's conduct. It proposed a finding that reduced the amount of cocaine Springs was convicted of distributing, thereby lowering the sentence from a ten-year mandatory minimum. Sentencing Transcript at 23-24. The court thought it was "better" that the finding would not result in an "automatic leap from ten years to five years," but rather, would result in a sentence of approximately eight years. Id.
 
 
 18
 The court's statements and action at sentencing shows it knew it had discretion to depart downward, but chose an alternative instead. Because the court knew it could have departed, but chose not to, we may not review this issue.
 
 4. Due Process Concerns and Sentencing
 
 19
 Springs argues the district court erred in failing to rule that due process concerns precluded the application of mandatory sentencing and guideline provisions relevant to cocaine base, where law enforcement officials made the determination that the product sold by the defendant would be cocaine base rather than cocaine. Springs states: "[t]his is a case in which the police have chosen the crime with which the defendant is to be charged.... [d]ue process thus requires that Carl Springs be sentenced only for that behavior which he, not the police, is responsible." Appellant's Opening Brief at 34-35.
 
 
 20
 The issue of whether government conduct is so outrageous as to constitute a violation of due process is a question of law and is therefore reviewed de novo. United States v. Bogart, 783 F.2d 1428, 1431 (9th Cir.), vacated in part on other grounds, 790 F.2d 802 (9th Cir.1986).
 
 
 21
 Springs' argument is without merit. The record shows Springs was not induced to make crack cocaine; rather, he was ready and willing to do so upon a mere statement of Tredwell's preference.[2]
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 United States v. Starks, 515 F.2d 112 (3d Cir.1975), is inapposite. The objection in Starks was that the government did not show a chain of custody so to demonstrate which of two tapes was the original. The witness therefore could not say which tape was on his body at the time of the alleged criminal conduct. 515 F.2d at 121. In the case before us, there is no question which is the original and which is the enhanced tape. Further, Springs did not claim the tape was altered, tampered with, or subjected to selective editing. See id
 
 
 [2]
 The recorded telephone conversation between Springs and Tredwell clearly shows the government did not induce Springs to sell crack cocaine. Springs himself requested that Tredwell bring him the baking soda with which to manufacture crack cocaine