21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George H. FLATTUM, Defendant-Appellant.
 No. 93-30126.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 9, 1994.
Decided March 21, 1994.
 
 Before: BROWNING, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 I. CONSTITUTIONALITY OF MONEY LAUNDERING STATUTE
 
 
 3
 Flattum received fair notice that his conduct was prohibited under 18 U.S.C. Sec. 1956(a)(2). This court's decision in U.S. v. Monroe, 943 F.2d 1007, 1016 (9th Cir.1991) makes clear that the word "transport" includes any "transfer" or "transmission" of funds. McSherry v. Block, 880 F.2d 1049, 1052 (9th Cir.1989) (authoritative judicial construction of otherwise ambiguous statutory term "expressly and unequivocally removed" any ambiguity). Further, in rejecting an ex post facto challenge to its construction of the statute, Monroe necessarily held the construction was foreseeable. Holquin v. Raines, 695 F.2d 372, 374 (9th Cir.1982) ("[T]he principle of fair warning implicit in the ex post facto prohibition requires that judicial decisions interpreting existing law must have been foreseeable.").[1]
 
 
 4
 II. ADMISSION OF LICENSE AND BULB SUPPLY AGREEMENTS
 
 
 5
 The district court did not err in admitting copies of the license and secret bulb supply agreements to show Melridge and the growers understood payment of the license fees was contingent on Melridge's performance under the bulb supply agreement. As Flattum concedes, the parol evidence rule 1) does not apply in criminal cases where the government is not a party to the contract, U.S. v. Martel, 792 F.2d 630, 635 (7th Cir.1986); U.S. v. Kreimer, 609 F.2d 126, 132-33 (5th Cir.1980), and 2) does not bar evidence offered to show fraud, Laird v. Integrated Resources, Inc., 897 F.2d 826, 830 (5th Cir.1990). Contrary to Flattum's contention, the choice-of-law clause in the contract governs only disputes between the parties to the contract. Nothing in the clause or the record suggests the parties intended to (and no authority suggests they could) deprive U.S. courts of jurisdiction or displace U.S. evidentiary rules in a prosecution for violating U.S. law. The agreements were relevant to show fraudulent conduct and intent, and the district court did not abuse its discretion in admitting them.
 
 III. ADMISSION OF EXHIBITS 75 AND 127
 
 6
 A. Disclosure under Fed.R.Crim.P. 16(a)(1)(C)
 
 
 7
 Exhibits 75 and 127 were properly disclosed before trial. Exhibit 75 was among the items on the government's list of exhibits, all of which were specifically disclosed to the defense. Exhibit 127 was among the materials obtained from Flattum's office files. Defense counsel was initially given five days to examine the materials and identify specific documents he believed would be useful. He requested and was granted additional time for this examination, and there is no indication he could not have received even more time had he requested it. Neither the Rule nor any authority cited by Flattum suggests the government was required to presort or specifically label the documents it produced or to identify which ones it might emphasize at trial.
 
 B. Authentication
 
 8
 Exhibit 75 was properly authenticated. "FRE 901(a) requires that the government make only a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification." U.S. v. Blackwood, 878 F.2d 1200, 1202 (9th Cir.1989). The government's obligation to establish a connection between the defendant and the proffered exhibits may be satisfied with circumstantial evidence. U.S. v. Black, 767 F.2d 1334, 1342 (9th Cir.1985) (citations and internal quotations omitted). Mahron testified from personal knowledge that Exhibit 69 had been found among Flattum's files. Jon Peterson, who catalogued Exhibits 69 and 75 along with the other documents given to him by Stephens, testified from personal knowledge that the numbering on the two exhibits indicated they came from the same place. This testimony was sufficient to justify admission.[2]
 
 IV. SUFFICIENCY OF THE EVIDENCE
 
 9
 The evidence was sufficient to establish Flattum's fraudulent intent. It established that Flattum 1) accompanied Heublein when Mantel was asked to participate in the transfer of money to Melridge's account in Oregon; 2) personally notified Mantel each time a sum of money was transferred from one of the Dutch companies to Mantel's account and instructed him to label the money "license payment" and transfer it to Melridge's account; 3) handled arrangements with the Dutch companies to inflate invoice amounts to generate the excess money to be transferred through Mantel's account back to Melridge; 4) helped Heublein persuade Mantel to falsely tell Melridge's investigative committee that there were no secret bulb supply agreements and that Mantel really owed Melridge the fees listed in the license agreement and 5) personally falsified royalty amounts due to Melridge under the license agreements. A rational juror presented with this evidence could have found beyond a reasonable doubt that Flattum had the required intent to defraud.
 
 V. JURY INSTRUCTIONS ON CONSPIRACY
 
 10
 The district court's instruction to the jury that it could convict Flattum of conspiracy if he agreed "to commit at least one crime charged in the indictment" was not improper under the Fifth Amendment. Objects of a conspiracy may be pled conjunctively in a single count of an indictment and the jury may convict by finding the defendant agreed to any one of the objects pled. U.S. v. Griffin, 112 S.Ct. 466, 469-70 (1991) (Due process allows a conspiracy count to allege multiple objects in the conjunctive and for a conviction under that count to be based on evidence establishing any one of the objects alleged); U.S. v. Castro, 887 F.2d 988, 993 (9th Cir.1989) ("When an indictment includes a single conspiracy count conjunctively alleging multiple offenses, a jury may convict by finding a conspiracy to commit any or all of the conjunctive acts alleged.").
 
 
 11
 The instruction was also proper under Fed.R.Crim.P. 31(a) and the Sixth Amendment. "A unanimity instruction as to the particular objects of a charged conspiracy is appropriate where it appears that a conviction might rest upon different jurors having found the existence of different facts ... where the complex nature of the evidence, a discrepancy between the evidence and the indictment, or some other particular factor creates a genuine possibility of juror confusion." Castro, 887 F.2d at 993 (citations and internal quotations omitted). The district court instructed the jury that in order to convict, it must find:
 
 
 12
 there was an agreement between two or more persons to commit at least one crime as charged in the indictment, to which you must all agree;
 
 
 13
 and defendant Flattum became a member of the conspiracy knowing of at least one of its unlawful objectives, to which you must all agree, and intending to help accomplish that unlawful objective.
 
 
 14
 Flattum did not object to this language or suggest an alternative formulation. Fed.R.Crim.P. 30. Moreover, the jury convicted Flattum of all the substantive offenses listed as objects of the conspiracy. "The jury's guilty verdicts on these substantive offenses establishes that the jury was unanimous in [its] determination of the existence of these objects of the conspiracy." Castro, 887 F.2d at 994.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or for the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and issues, and we will not repeat them
 
 
 [1]
 Flattum's argument that the ex post facto clause is concerned only with legislative intent and not with fair warning to the accused is incorrect. Aponte v. Gomez, 993 F.2d 705, 709 (9th Cir.1993) ("Critical to relief under the Ex Post Facto Clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint beyond what was proscribed when the crime was consummated." (emphasis in original) (citations and internal quotations omitted))
 
 
 [2]
 We also reject Flattum's contention that Peterson's testimony was improperly admitted because it was hearsay. Peterson initially began to testify that Stephens told him the documents he was cataloguing came from Flattum's files. The district court sustained defense counsel's objection and the question was rephrased to ask whether the numbering system indicated Exhibit 75 was obtained from Flattum's files. The answer to this rephrased question was not hearsay