59 F.3d 176
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Albert LIU, Defendant-Appellant.
 No. 94-50199.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 7, 1995.
Decided June 19, 1995.
 
 Before: FLETCHER, WIGGINS, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Albert Liu appeals his convictions and sentence for possessing with the intent to distribute heroin, in violation of 21 U.S.C. Sec. 841, and conspiracy, in violation of 21 U.S.C. Sec. 846. We have jurisdiction and affirm.
 
 FACTS
 
 3
 Along with three codefendants, Liu was charged in a nine-count first superceding indictment for committing various heroin-related offenses. Counts One and Two alleged that Liu aided and abetted two shipments of heroin from Mexico City to Los Angeles in August of 1987. Liu was convicted by a Mexican court in 1988 of participating in those transactions and served three years in a Mexican prison.
 
 
 4
 Counts Six through Eight of the indictment alleged that, after Liu's release from the Mexican prison, Liu moved to Asia and joined a conspiracy to ship heroin from Southeast Asia to the United States through Korea. Liu's alleged role was to arrange for the shipment of the heroin from Korea to Los Angeles.
 
 
 5
 Liu was arrested in Hong Kong on a federal arrest warrant and extradited to the United States. After a jury trial, Liu was convicted of Counts Six through Eight and acquitted of Counts One and Two. The district court sentenced Liu to 360 months in prison, the low end of the applicable guideline range.
 
 DISCUSSION
 I. Admission of Liu's Signed Declaration
 
 6
 After the grand jury returned the first superceding indictment, Liu, who then was an indicted fugitive living in Hong Kong, was visited by Joseph Vodnoy, the defense attorney of one of Liu's codefendants, Peter Tsui. Tsui had asked Vodnoy to obtain from Liu an affidavit exonerating Tsui of the offenses charged in Counts One and Two, the 1987 transactions in Mexico. Vodnoy showed Liu a copy of a DEA-6 prepared by DEA agents after they interviewed Liu in Mexico after his 1987 arrest. In his statement to the DEA, Liu implicated Tsui as the leader of the heroin trafficking operation. Vodnoy's meetings with Liu were successful. He left Hong Kong with a declaration from Liu, signed under oath, explaining that Brian "Shark Fin" Wong, not Tsui, had planned the heroin shipments from Mexico and that Liu had lied to the DEA.
 
 
 7
 At Liu's trial, the district court permitted the government to introduce Liu's signed declaration. Liu argues on appeal that the declaration was inadmissible because its probative value was "substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury." Fed. R. Evid. 403. Because Liu did not object to the admission of the declaration, we review only for plain error, a highly prejudicial error affecting substantial rights. United States v. Dischner, 974 F.2d 1502, 1515 (9th Cir. 1992), cert. denied, U.S. , 113 S.Ct. 1290 (1993).
 
 
 8
 Liu argues that, aside from challenging his credibility, the declaration had no probative value. He also contends that the declaration, in which he confessed to lying to DEA agents in 1987, was not probative of his lack of credibility because his statement to the DEA was made under duress. Liu underestimates the declaration's substantive value. Liu admits in the declaration that Wong promised to pay him and get him to the United States in return for his work in Mexico. He also refers to the Mexican transactions as "my Mexican trip with the heroin" (emphasis added). The declaration was tantamount to a signed confession to Counts One and Two. Admitting the declaration was not plain error.[1]
 
 II. Admission of Anonymous Letter
 
 9
 Liu argues that the district court erred by admitting into evidence an anonymous letter to Tsui which appeared to urge Tsui to fabricate evidence exonerating Liu. Liu argues that the government failed to introduce evidence sufficient to show that Liu had written the letter. "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a); see also United States v. Blackwood, 878 F.2d 1200, 1202. We review a district court's finding of sufficient authentication for an abuse of discretion. United States v. Yin, 935 F.2d 990, 994 (9th Cir. 1991).
 
 
 10
 A reasonable juror could have concluded that Liu was the author of the letter to Tsui. A document may be shown to have been written by a particular person by its inclusion of facts known peculiarly to the purported author. Whitworth, 856 F.2d at 1283 (citing with favor Fed. R. Evid. 901 advisory committee's note). The anonymous letter to Tsui describes in detail the current status of Liu's case. The author also writes:
 
 
 11
 "Only there is the initial oral statement and deposition at the police station (your attorney has already given me a copy of the testimony at a subsequent appearance, when he was here last time) .... So in future appearances ... the story will be similar to the testimony accusing Shark-fin Wong; with nothing involving you."
 
 
 12
 The context of the statement indicates that the "initial oral statement" was the one made by Liu to DEA agents in Mexico in 1987. Tsui's attorney, Vodnoy, testified that he visited Liu in Hong Kong and gave him a copy of his prior statement to DEA agents. A reasonable juror could have concluded that Liu wrote the letter.
 
 
 13
 Liu argues that, even if the letter was admissible under Rule 901(a), the district court should have excluded it under Rule 403 because its prejudicial effect substantially outweighed its probative value. Liu maintains that the letter was not probative because the government could not prove with certainty that Liu was the author. However, this argument confuses the condition precedent to the letter's admissibility under Rule 901 with the letter's probative value. If the jury did believe that the letter was written by Liu, the letter was extremely probative. Liu's request that Tsui fabricate a phony receipt and submit an affidavit consistent with an elaborate story summarized in the letter evidenced Liu's consciousness of guilt. See, e.g., United States v. Newman, 6 F.3d 623, 628 (9th Cir. 1993) (defendant's false exculpatory statements were evidence of defendant's consciousness of guilt); United States v. Perkins, 937 F.2d 1397, 1402 (9th Cir. 1991) (same).
 
 
 14
 III. SENTENCING ENHANCEMENT FOR ROLE IN THE OFFENSE
 
 
 15
 The district court enhanced Liu's offense level by two points under U.S.S.G. Sec. 3B1.1(c) for playing a supervisory role in the offense. We will reverse this factual determination only if it is clearly erroneous. See United States v. Chapnick, 963 F.2d 224, 226 (9th Cir. 1992).
 
 
 16
 The evidence was sufficient to support the district court's finding that Liu played a supervisory role. Tsui testified that he recruited Tang Kwan Ming, an unindicted coconspirator, for the express purpose of working under Liu's direction. For his work transporting the heroin involved in one shipment, Liu was paid $ 60,000 of the approximately $ 245,000 in drug proceeds. For another shipment, Liu was paid $ 150,000 while Ming was paid only $ 6,000. Although Liu's sole role in the conspiracy was to arrange for the transportation of the heroin from Korea to the United States, the trial testimony revealed that Liu exercised substantial decision-making authority in this area.
 
 CONCLUSION
 
 17
 The district court did not abuse its discretion in permitting the government to introduce either Liu's signed declaration or the anonymous letter to Tsui. The district court's determination that Liu played a supervisory role in the offense was not clearly erroneous. Accordingly, we affirm Liu's convictions and sentence.[2]
 
 
 18
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Moreover, any error in admitting the declaration would be harmless. Despite the declaration's probative value, the jury acquitted Liu of Counts One and Two. It is unlikely that the declaration affected the jury's verdict on Counts Six through Eight
 
 
 [2]
 Liu wrote a "pro se supplemental brief," included in his excerpts of record, raising additional issues. Because these issues were not raised in his opening brief and in any event are meritless, we do not address them. See All Pacific Trading, Inc. v. Vessel M/V Hanjin Yosu, 7 F.3d 1427, 1434 (9th Cir. 1993) (issues not raised in the opening brief usually are deemed waived)