119 F.3d 8
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony MACKLIN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Connie HAMMOND, Defendant-Appellant.
 Nos. 96-10263, 96-10269.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1997
Decided July 16, 1997.
 
 Before: REINHARDT, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendants Anthony Macklin and Connie Hammond appeal their convictions for violations of 21 U.S.C. § 841(a)(1) and § 846 after a jury trial. We have jurisdiction, 28 U.S.C. § 1291, and we AFFIRM.
 
 
 3
 Macklin claims that the district court erred by refusing to let Macklin display his gold tooth in front of the jury, and that the prosecutor engaged in prejudicial misconduct during closing arguments. We reject both of these contentions.
 
 
 4
 Any error in refusing to allow Macklin to display his gold tooth in front of the jury was not prejudicial in light of the stipulation informing the jury of the gold tooth and the jurors' acknowledgments that they could see Macklin's face. The error most likely did not affect the verdict and is not grounds for reversal. See United States v. Karterman, 60 F.3d 576, 578 (9th Cir.1995).
 
 
 5
 The prosecutor's remarks do not rise to the level of misconduct. He did not engage in improper vouching for Agent Roderick because he gave no personal assurances of Roderick's veracity and did not place the weight of the government behind her testimony; rather, he drew reasonable inferences from the evidence, showing her lack of motivation to lie. See United States v. Birges, 723 F.2d 666, 671-72 (9th Cir.1984). His comment that no evidence contradicted Roderick's testimony merely pointed to the lack of evidence presented by the defense and is also permissible. See United States v. Sehnal, 930 F.2d 1420, 1425 (9th Cir.1991). Finally, the prosecutor did not commit misconduct by commenting that opposing counsel argued "like the devil."
 
 
 6
 Hammond claims that the admission of audiotapes lacked foundation and that the evidence was insufficient to support a conviction. We reject both of these contentions.
 
 
 7
 Authentication requires a prima facie showing so that "a reasonable juror could find in favor of authenticity or identification." United States v. Blackwood, 878 F.2d 1200, 1202 (9th Cir.1989). Here, both Macklin and Hammond's attorneys conducted voir dire, and Roderick testified that she recognized the voices. Roderick identified Hammond's voice based on her prior telephone conversations and on her in person contact with Hammond. Such a foundation is sufficient to meet the low prima facie admissibility threshold. See United States v. Turner, 528 F.2d 143, 166 (9th Cir.1975).[1]
 
 
 8
 In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution to determine whether a reasonable juror could have found Hammond guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Here, detectives O'Leary and Wildemann identified Hammond as the woman who entered and rode in the seized Cadillac with Macklin on several occasions; Macklin identified the woman who entered Roderick's car and sold her cocaine as "Connie"; and the jury was instructed that they could find Hammond liable as a coconspirator. Although the car was not immediately searched after it was seized, it remained locked in the interim; the cocaine was found in the locked glove compartment. This evidence, in addition to the conversations in the tape recordings, when viewed in the light most favorable to the prosecution, support the jury's verdict.
 
 
 9
 The defendants' convictions are AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting, in part:
 
 10
 I dissent as to the convictions relating to the September 21, 1995 narcotics seizure because there was, beyond question, insufficient evidence to permit a reasonable juror to find either defendant guilty of possessing the drugs found in the silver-gray Cadillac on that date. The only probative evidence connecting the defendants to the car or the drugs is that they had used the car for a drug transaction on August 3, 1995, some six weeks earlier, and were seen in it on one or two other, unspecified occasions. There was no testimony, however, that either defendant was seen in the car at any time after the August 3 transaction. There was also no evidence that either defendant owned or leased the car, and no keys to the car were found in their possession or as a result of a search of their apartment. Moreover, during the relevant time period, the defendants were seen in two other cars. Finally, there was no evidence of any kind tying either defendant to the particular drugs found in the car.
 
 
 11
 The convictions in question were obtained solely on the basis that defendants were engaged in drug transactions and had previously used a particular car for that purpose on one occasion. Given those facts, the government asserts, and the majority apparently agrees, that any drugs found in that car six weeks, or presumably six months, later may be said, beyond a reasonable doubt to be within their possession and control. There is no precedent in our jurisprudence for such an unsupported assumption. We do not permit the conviction of persons on the basis of so flimsy and unwarranted an inference. Until now, it has been the rule in this circuit as well as all others that convictions must be based on at least some probative evidence. That is certainly not what occurred here.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Hammond also appears to argue that evidence of Roderick's prior meeting with Hammond should have been disallowed because the meeting stemmed from information from an unidentified confidential informant. This contention has no merit, as evidence of the meeting was allowed in only for the purpose of voice identification. Cf. Rovario v. United States, 353 U.S. 53 (1957) (finding disclosure required where informant was material witness to crime charged and could have been essential to defense)