**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael GROSS, Defendant–Appellant.**

No. 05–30034.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 23, 2006.*

Decided March 13, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument.   Fed. R.App. P. 34(a)(2).

Stephanie Whitaker, Esq., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Richard L. Mount, Esq., Witherspoon Kelley Davenport & Toole, PS, Spokane, WA, for Defendant–Appellant.

Before: RAWLINSON and CLIFTON, Circuit Judges, and MARSHALL,** District Judge.

### MEMORANDUM ***

Appellant, Michael Gross, appeals his conviction for conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. Gross argues that there was a fatal variance between the charging document and the Government's proof at trial. In addition, Gross maintains that the district court erred in admitting particular items of evidence, namely (1) photographs and testimony concerning firearms seized during several law enforcement searches, and (2) handwritten "drug ledgers."

■ Gross maintains that a variance occurred in his case because the Government's evidence at trial proved the existence of multiple conspiracies rather than a single, overarching conspiracy. This Court has observed that "[t]he question of whether a single conspiracy has been proved, rather than multiple conspiracies, is a recurring one, which is essentially a question of the sufficiency of the evidence." *United States v. Bibbero,* 749 F.2d 581, 586 (9th Cir.1984) (citations omitted); *see also United States v. Duran,* 189 F.3d 1071, 1078 (9th Cir.1999).

Upon review of the entire record in this case, we could conclude that the Government proved the existence of multiple conspiracies rather than a single "hub and spoke" conspiracy with Omar Lizarrala–Cedano at the center. However, we need not definitively decide the issue as we find that Gross' substantial rights were not prejudiced by any evidentiary spillover.

In *Duran,* the Court concluded that evidence proving the existence of two conspiracies to distribute cocaine rather than the single conspiracy charged in the indictment did not result in prejudicial spillover because the evidence concerning each conspiracy was readily "compartmentalized," in that each conspiracy "involved discrete events separated by time, distance, purpose, method of operation, and personnel." 189 F.3d at 1082.

The instant case is highly analogous to *Duran,* in that the evidence against Gross was easily compartmentalized. This conclusion is bolstered by the fact that the jury found Gross to be liable for a differ-

---

** The Honorable Consuelo B. Marshall, Senior United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ent quantity of methamphetamine than other Co–Defendants.[1]

■ We next consider Gross' argument that the district court erred in admitting, over the objection of all of the defendants, the evidence concerning the firearms seized during various law enforcement searches.

This Court has long held that, in cases involving drug trafficking charges, "firearms are relevant and admissible to prove the defendant's involvement in the drug trade and intent to distribute." *United States v. Fagan,* 996 F.2d 1009, 1015 (9th Cir.1993) (citations omitted). Because the offense with which Gross was charged was conspiracy to distribute a controlled substance, the presence of firearms together with drugs at locations associated with Co–Defendants was relevant to prove distribution rather than personal use. The fact that the firearms did not personally belong to Gross was of no import given that he was equally liable for the actions of his co-conspirators. *See, e.g., United States v. Long,* 301 F.3d 1095, 1103 (9th Cir.2002) (citing *Pinkerton v. United States,* 328 U.S. 640, 647, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946)).

■ Gross also argues that, even if relevant, the firearms evidence should have been excluded pursuant to Fed.R.Evid. 403. However, the firearms evidence in this case was relevant to demonstrate the co-conspirators' involvement in the drug trade and was not so inflammatory as to unduly influence the jury. The district court stated, "[T]o say that a handgun is inflammatory is inconsistent with the general understanding of most people and as this jury reflected, many of the jurors have firearms in their homes for hunting purposes, several for safety purposes." Accordingly, the district court did not abuse its discretion in its application of the Rule 403 balancing test.

■ The district court similarly acted within its discretion in admitting the handwritten drug ledgers over Gross' objection that the Government failed to lay an adequate foundation under Fed.R.Evid. 901. This Court has held that "FRE 901(a) requires that the government make only a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification." *United States v. Blackwood,* 878 F.2d 1200, 1202 (9th Cir.1989) (citation and internal quotation marks omitted). The Government clearly met this test, having elicited testimony from witnesses familiar with the author's handwriting as well as with knowledge of the purpose of the drug ledgers and the entries made within them.[2]

**AFFIRMED.**

---

1. Gross also argues that the Government's proof at trial resulted in a "constructive amendment" of the Fourth Superseding Indictment; however, all of the cases upon which he relies deal exclusively with "variances." In any event, we find that there was not a constructive amendment in this case because the nature and elements of the charge were not altered by the evidence at trial. *See United States v. Shipsey,* 363 F.3d 962, 974 (9th Cir.2004).

2. Even if it were an abuse of discretion on the part of the district court to admit the drug ledgers, we would find that it was harmless error, in that there was overwhelming evidence to support Gross' conviction absent their admission.