**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Antoine BUTCHER, Defendant—**
**Appellant.**

**No. 05–30375.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 25, 2006.*

Filed July 27, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R. App. P. 34(a)(2).

Butcher argues that the Dorton brothers' partly uncorroborated testimony was insubstantial or incredible and thus insufficient because of inconsistencies in the brothers' testimony. *See United States v. Earl,* 27 F.3d 423, 425 (9th Cir.1994) (per curiam). The inconsistencies Butcher refers to are inconsequential.

Butcher's contention that the Dortons framed him to receive a more lenient sentence and do him harm is also without merit, because a reasonable jury could have concluded otherwise. After Butcher impeached the Dortons, the government submitted prior consistent statements of both brothers that an informant had secretly recorded. In these recordings, made before the Dortons were indicted, Michael and Douglas separately and independently described Butcher's involvement in the robbery, consistent with their subsequent, in-court testimony.

Robert A. Ellis, Esq., USYA–Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Nicholas W. Marchi, Esq., Kennewicik, WA, for Defendant–Appellant.

Before: WALLACE, WARDLAW and FISHER, Circuit Judges.

## MEMORANDUM **

Antoine Butcher appeals his conviction by jury for bank robbery, in violation of 18 U.S.C. § 2113(a). Because the parties are familiar with the facts, we do not recite them in detail. We affirm.

## I.

■ The evidence was sufficient to support Butcher's conviction. Viewing the evidence in the light most favorable to the government, a rational trier of fact could reasonably conclude that Butcher participated in robbing the Bank of the West branch with Michael and Douglas Dorton. *See United States v. James,* 987 F.2d 648, 650 (9th Cir.1993).

## II.

■ The district court did not err in admitting the Dortons' prior recorded statements, because those statements satisfy the requirements set forth in *Arizona v. Johnson,* 351 F.3d 988, 998–99 (9th Cir. 2003) (discussing Fed.R.Evid. 801(d)(1)(B)), and are not hearsay: (1) Michael and Douglas testified in Butcher's trial and were cross-examined; (2) Butcher accused them of fabricating their testimony; (3) the government offered recorded prior statements consistent with their in-court testimony; and (4) these statements were made prior to the time the purported motive to falsify arose. Neither Michael nor Douglas knew he was being recorded or investigated at the time of his statement, and neither had been charged with bank robbery.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Nor did the district court abuse its discretion in determining that the tape recordings were properly authenticated. *See United States v. King,* 587 F.2d 956, 960–61 (9th Cir.1978). Michael and Douglas Dorton and Oscar Kinsey testified that they had listened to the recordings and that the recordings were accurate reproductions of their conversations. *See* Fed. R.Evid. 901(b)(1). There is no indication that the recordings were tainted or anything other than "what [they] [were] claimed to be." *Id.*

### III.

█ Because the recorded statements satisfied Fed.R.Evid. 801(d)(1)(B) and were not hearsay, they were admissible as substantive evidence. Consequently, the court was not required to prevent the jury from considering the statements as substantive evidence.

Nor did the court err in failing to follow through on its initial intention to instruct the jury that the recordings were enhanced copies. Because the tapes were properly authenticated, *see* Fed.R.Evid. 901(b)(1), and the enhancement of the originals was clearly put before the jury, the district court did not abuse its discretion in failing to give a limiting instruction. "Once the government meets th[e] burden [of authentication,] the . . . probative force of the evidence offered is, ultimately, an issue for the jury." *United States v. Blackwood,* 878 F.2d 1200, 1202 (9th Cir. 1989) (third alteration in original) (internal quotation marks omitted).

**AFFIRMED.**